FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 AUG 23 P 12:25
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DONALD M. REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-086 |
| | ) | |
| STEVEN AN, Richmond County Sheriff Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner held at the McDuffie County Detention Center in Thomson, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] As Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

---

[1] Plaintiff initially filed the above-captioned case under 42 U.S.C. § 1983. Section 1983, however, only authorizes claims alleging the deprivation of constitutional rights by persons acting under color of state law. The authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government. Thus, Plaintiff may not receive relief under § 1983. See, e.g., Sarro v. Cornell Corr., Inc., 248 F. Supp.2d 52, 64 (D.R.I. 2003). Accordingly, the Court will construe Plaintiff's complaint broadly as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

## I. BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff's complaint names as Defendants: 1) Steven An, Richmond County Sheriff Deputy; 2) Jay Weimer, Assistant United States Attorney; 3) the Honorable Lisa Godbey Wood, former United States Attorney; and 4) Anthony Dprizio, FBI Agent. (Doc. no. 1). Plaintiff alleges that these Defendants committed perjury during the course of his prosecution for bank robbery. See United States v. Reynolds, CR 106-181 (S.D. Ga. 2006). More specifically, Plaintiff contends that Defendant An proffered untrue testimony both at a hearing on December 20, 2006, and at Plaintiff's criminal trial on March 5, 2007.[2] Plaintiff further asserts that Defendants An, Weimer, and Wood engaged in a conspiracy to induce Defendant An to provide this allegedly false testimony.

Finally, Plaintiff asserts several different arguments regarding Defendants' alleged mishandling of evidence relating to his criminal trial. (Id. at 7-8). Most notably, Plaintiff argues that the government prosecutors and law enforcement agents did not preserve exculpatory evidence relating to the crimes with which he was charged, as required by an order of this Court. Plaintiff maintains that the destruction of this evidence tainted the outcome of his trial.

Plaintiff seeks declaratory and injunctive relief that would result in his release from confinement, dismissal of his conviction, and an award of twenty million dollars. (Id. at 9).

---

[2]In particular, Plaintiff takes issue with Defendant An's testimony concerning actions taken during a "show-up" identification process at the bank that Plaintiff was convicted of robbing. According to Plaintiff, the show-up was so suggestive and unreliable that Defendants were willing to create a "very substantial risk of misidentification," which in turn violated Plaintiff's due process rights at his criminal trial. (Id.).

2

## II. DISCUSSION

It is clear from Plaintiff's allegations that he is complaining about the arrest and prosecution that led to his conviction and sentence. As Plaintiff is referring to the arrest that led to his conviction and sentence, this claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven.[3] See 512 U.S. at 486-87. The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See Heck, 512 U.S. at 483; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff argues that Defendants' complained of actions led to his conviction; therefore, he contends that his current detention is unlawful. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[3] In Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995), the court of appeals held that the Heck rule applies to Bivens damage claims. Thus, even though as a federal prisoner, Plaintiff does not have a § 1983 claim, the Heck analysis outlined above applies to Plaintiff's claims.

3

question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current claims are not actionable in this civil action. Cf. Rankin v. Evans, 133 F.3d 1425, 1428 (11th Cir. 1998) (§ 1983 claim against arresting officer in child molestation case proceeded after grand jury found plaintiff "completely innocent" of charges).

### III. CONCLUSION

As Plaintiff seeks monetary damages and injunctive relief based on claims that challenge a conviction that has not been ruled to be invalid, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

SO REPORTED and RECOMMENDED this 23rd day of August, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4